# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOYCE HUNT, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:16-CV-459-TLS |
| JP MORGAN CHASE BANK, | |
| Defendant. | |

## OPINION AND ORDER

On August 26, 2016, Plaintiff Joyce Hunt filed a Complaint in the Lake County, Indiana, Circuit/Superior Court, alleging that in 2006 Defendant JP Morgan Chase Bank issued fraudulent loans in Plaintiff's name without her knowledge or consent and changed the terms of a legitimate loan Plaintiff took out so that Defendant could pay off the fraudulent loan. Compl. ¶¶ 7–18, ECF No. 3. On October 31, 2016, Defendant removed the matter to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). This matter is before the Court on the Defendant's Motion for Summary Judgment [ECF No. 33]. Plaintiff, who is currently proceeding pro se, was served with a Notice of Summary Judgment Motion in conformity with Northern District of Indiana Local Rule 56-1(f) and *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). The motion is fully briefed and ripe for ruling. For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'—that is,

pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party has properly supported [its] motion, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). "To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in [his] favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).

Within this context, the Court must construe all facts and reasonable inferences from those facts in the light most favorable to the nonmoving party. *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550 (7th Cir. 2017). However, the nonmoving party "is only entitled to the benefit of inferences supported by admissible evidence, not those 'supported by only speculation or conjecture.'" *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citing *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014)). Likewise, irrelevant or unnecessary factual disputes do not preclude the entry of summary judgment. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Plaintiff is proceeding pro se. The Court "liberally construe[s] the pleadings of individuals who proceed pro se." *Greer v. Bd. of Educ. of the City of Chi., Ill.*, 267 F.3d 723, 727 (7th Cir. 2001). "The essence of liberal construction is to give a pro se plaintiff a break when, although [she] stumbles on a technicality, [her] pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, the Court "still holds Plaintiff to the same substantive standards as other civil litigants when it considers the motion for summary judgment." *Runnels v. Armstrong World Indus., Inc.*, 105 F. Supp. 2d 914, 918 (C.D. Ill. 2000).

## STATEMENT OF MATERIAL FACTS

Viewing the facts in the light most favorable to Plaintiff, the following are the undisputed material facts of record. In January 2006, Plaintiff applied for a loan (the "1934 Loan") from Chase Bank USA backed by a mortgage on her real estate in Gary, Indiana. Compl. ¶ 7. The 1934 Loan was initially denied on January 30, 2006, based on "ownership deficiencies." Resp. to Summ. J. 2, ECF No. 48.

Chase Bank USA later reversed course and approved this loan. As a result, on February 24, 2006, Plaintiff signed a note agreeing to pay Chase Bank USA $40,000.00 plus interest in exchange for a $40,000.00 loan. Mem. Supp. Summ. J., Ex. 1, at 5–7, ECF No. 34-1. The 1934 Loan was backed by a mortgage, which Plaintiff also signed, on Plaintiff's real estate in Gary, Indiana. Mem. Supp. Summ. J. Ex. 1, at 10–23. On the same day, Plaintiff signed a U.S. Department of Housing and Urban Development ("HUD") Settlement Statement authorizing the release of loan funds in the amounts of: $20,055.00 to "HFC," a creditor of Plaintiff's; $2820.61 to Chase Bank USA in settlement charges for the loan; and the balance of $17,124.39 to Plaintiff in cash. Mem. Supp. Summ. J. Ex. 1, at 31–32.

The note on the 1934 Loan explicitly authorized Chase Bank USA to transfer servicing of the loan, and, on February 24, 2006, Plaintiff signed a "Notice of Assignment, Sale or Transfer of Servicing Rights" acknowledging the transfer of the 1934 Loan from Chase Bank USA to Defendant, JP Morgan Chase Bank. Mem. Supp. Summ. J. Ex. 1, at 5, 34–35. When that transfer became effective on April 1, 2006, the 1934 Loan number was updated to a number ending in 8455 (the "8455 Loan"). Mem. Supp. Summ. J. Ex. 1, at 64. Thus, the 1934 Loan and the 8455

Loan both refer to the same transaction (together the "1934/8455 Loan"). *See* Mem. Supp. Summ. J. Ex. 1, at 64.[1]

On August 28, 2006, Plaintiff signed documents for a new loan (the "5283 Loan") with Chase Bank USA, backed by a new mortgage on her same real estate in Gary, Indiana. Mem. Supp. Summ. J. Ex. 1, at 36–63. This loan was for $55,200.00, with $41,985.73 allocated to pay off the 1934/8455 Loan, $911.00 allocated toward paying off a tax lien on Plaintiff's mortgaged real property, and the remaining balance going to Plaintiff. Mem. Supp. Summ. J. Ex. 1, at 62–64.

## ANALYSIS

In her Complaint, Plaintiff alleges: (1) the 8455 Loan was taken out "without her consent or authorization"; (2) $20,055.00 of the 8455 Loan was not actually paid to HFC despite Defendant's representation to the contrary; and (3) Defendant used $41,985.75 of the 5283 Loan to pay off the 8455 Loan and $911.00 of the 5283 Loan to pay off a tax lien without Plaintiff's consent to those terms. Compl. ¶¶ 9, 11–15. Defendant argues that it is entitled to summary judgment because the unrefuted evidence contradicts each of these claims or absolves Defendant of liability and because Plaintiff failed to respond to requests for admission, effectively admitting that each of these claims are false. Mem. Supp. Summ. J. 6. The Court agrees with Defendant that there are no genuine issues of material fact and that no reasonable fact finder could find for Plaintiff. *See* Fed. R. Civ. P. 56(a); *see also Dempsey v. Atchison, Topeka & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) ("[T]he record must reveal that 'no reasonable jury could find for

---

[1] This fact is also supported by "Defendant's Request to Admit No. 18." Mem. Supp. Summ. J. Ex. 2, at 6. This request, served in November 2017, states that the 1934 Loan and the 8455 Loan are one and the same, and Plaintiff did not respond, effectively admitting that the loans are the same. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

the nonmoving party.'" (quoting *Anderson v. Stauffer Chem. Co.*, 965 F.2d 397, 400 (7th Cir. 1992))). The Court considers each basis of Plaintiff's fraud claim in turn.

First, Plaintiff claims that the 8455 Loan was fraudulently taken out in her name without her authorization. Compl. ¶ 9. But, as set forth above, the 8455 Loan and the 1934 Loan are one and the same. Defendant has submitted documents that were signed by Plaintiff and notarized which show that she authorized the 1934 Loan for $40,000 on February 24, 2006. *See* Mem. Supp. Summ. J. Ex. 1, at 5–7, 22, 29. These documents also show that, on the same date that she signed the 1934 Loan, Plaintiff explicitly authorized Defendant to transfer the 1934 Loan. *See* Mem. Supp. Summ. J. Ex. 1, at 5, 29, 35. Defendant then transferred the 1934 Loan from "Chase Bank USA" to "JPMorgan Chase Bank," giving notice to Plaintiff the same date that she authorized the 1934 Loan. Mem. Supp. Summ. J. Ex. 1, at 34–35. Defendant submitted this signed notice in support of the instant motion. *See* Mem. Supp. Summ. J. Ex. 1, at 34–35.

These documents show that Plaintiff authorized both the 1934 Loan and the servicing transfer to JP Morgan Chase, resulting in the change in identification to the 8455 Loan. Plaintiff does not dispute that she signed these documents, nor has Plaintiff submitted any evidence which could lead a reasonable fact finder to come to the opposite conclusion. Therefore, Plaintiff's first claim, that the 8455 Loan was fraudulent, fails because Defendant has submitted unrefuted evidence that Plaintiff expressly authorized this loan. Thus, the burden has shifted to Plaintiff to produce evidence to support her claim. *See Spierer*, 798 F.3d at 507. And Plaintiff has produced no evidence to meet this burden.[2] The Court therefore grants summary judgment in favor of Defendant on this issue.

---

[2] Plaintiff has also not submitted any evidence that this transaction occurred "without her consent or authorization," as alleged in the complaint. Compl. ¶.

Second, Plaintiff claims that the $20,055.00 portion of the 1934/8455 Loan that was allotted to go to HFC was never received by HFC. Compl. ¶ 9; *see also* Mem. Supp. Summ. J. Ex. 1, at 31 ($20,055.00 allotment of 1934/8455 Loan to "Payoff to HFC"). This may be true, but Defendant argues that a check was issued to HFC as part of the 1934/8455 Loan disbursement, pointing to a copy of a check for $20,055.00, dated February 24, 2006, and made out to HFC, which Plaintiff submitted in response to the instant summary judgment motion. *See* Reply Supp. Summ. J. 10, ECF No. 49*; see also* Resp. Summ. J. 40. Defendant notes that the check appears to have been endorsed on the back by Plaintiff and her son. *See* Reply Supp. Summ. J. 10. Plaintiff offers nothing to refute this assertion and does not address the allegation in her sur-reply. *See* Sur-Reply Opp'n Summ. J., ECF No. 50. So even assuming that Plaintiff's allegation is correct and HFC never received the disbursed funds, Defendant has established that it followed through on its obligation under the 1934/8455 Loan to issue a check to HFC in the amount of $20,055.00. Without any evidence or argument to refute this evidence, the Court grants summary judgment for the Defendant on this issue as well. *See Spierer*, 798 F.3d at 507.

Third, Plaintiff claims that Defendant used $41,985.75 of the 5283 Loan to pay off the 1934/8455 Loan and $911.00 of the 5283 Loan to pay off a tax lien without Plaintiff's consent to those terms. Plaintiff does not argue that the 5283 Loan was unauthorized but instead focuses her claim of fraud on the way that the proceeds of the 5283 Loan were allocated. Compl. ¶¶ 10–15. In its motion, Defendant argues that Plaintiff agreed to those terms and submits the loan agreement, mortgage, and HUD Settlement Statement for the 5283 Loan in support. *See* Mem. Supp. Summ. J. Ex. 1, at 36–65. The HUD Settlement Statement specifically states that, of the $55,200.00 loan that Plaintiff is taking out, $41,985.73 is allocated as a "Mortgage Payoff to CHASE HOME FINANCE . . . 8455." Mem. Supp. Summ. J. Ex. 1, at 60. The HUD Settlement

6

Statement also contains a line item for a disbursement of the loan in the amount of $911.00 with the note "See addit'l disb. exhibit." Mem. Supp. Summ. J. Ex. 1, at 61. Turning to the "Additional Disbursements Exhibit," the $911.00 was disbursed to address a "TAX LIEN." Mem. Supp. Summ. J. Ex. 1, at 62. The following page of the HUD Settlement Statement is the "Borrower's HUD-1 Acknowledgement" and also appears to bear Plaintiff's signature. Mem. Supp. Summ. J. Ex. 1, at 63. Plaintiff has not responded to Defendant's motion with any allegation or evidence that the signature is not hers. *See* Mem. Supp. Summ. J. Ex. 1, at 60–63.

These documents contradict Plaintiff's allegations that she did not know of or approve of the two disbursements from the 5283 Loan. And Plaintiff has not advanced any contradictory supporting evidence or argument, as she is required to do in order to survive summary judgment. *See Spierer*, 798 F.3d at 507. Under the weight of this uncontradicted evidence, Plaintiff's third claim fails. *See Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (noting that "inferences relying on mere speculation or conjecture will not suffice" to defeat a motion for summary judgment) (citation omitted). The Court grants summary judgment for the Defendant on this issue as well.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion for Summary Judgment [ECF No. 33]. The Clerk of Court is directed to enter judgment in favor of Defendant JP Morgan Chase Bank and against Plaintiff Joyce Hunt.

SO ORDERED on November 5, 2019.

        s/ Theresa L. Springmann
        CHIEF JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT